IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10451
Summary Calendar
_____

ANGELICA TOVAR,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA;
ROBERTO VILLANUEVA, doing
business under the assumed name of
P&C Motors,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:98-CV-1682-D)
_____

December 12, 2000

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Angelica Tovar appeals from summary judgment in favor of the United States on her claims for false imprisonment and violation of her constitutional rights under the Federal Tort Claims Act, ch. 753, 60 Stat. 842 (1946) (codified as amended in scattered sections of 28 U.S.C.) (FTCA). Although Ms. Tovar is the victim of terrible misfortune, we must affirm the thorough and well-reasoned opinion of the district court for the following reasons.

First, Ms. Tovar cannot bring constitutional claims against the United States under the FTCA. Brown v. United States, 653 F.2d 196, 199 (5th Cir. 1981). Ms. Tovar's reliance on Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), and its progeny is misguided. These cases permit suit against individual agents of the federal government–not against the government itself.

Second, Ms. Tovar's false imprisonment claims fail because she cannot prove the elements of false imprisonment. See Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995) ("The essential elements of false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law."). During the period from April 24, 1997 through May 16, 1997, INS did not detain Ms. Tovar; rather, her detention was at the hands of the state. At the time of Ms. Tovar's arrest on November 12, 1997, INS had probable cause to believe she was deportable due to her conviction for a deportable offense, and it released her upon proof that her

conviction had been set aside. Thus her detention was not without authority of law. Ms. Tovar's harassment claim fails for the same reason.

Though Ms. Tovar's arrest and detention would not have been necessary had INS shown some care for her well-being, neither were its actions completely unjustified by law.

AFFIRMED.